IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01171-BNB

BERYL J. KOENIG,

    Applicant,

v.

PETE STEIN, United States Probation, and
GRACE SENA, United States Probation,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 09 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Beryl J. Koenig, acting **pro se**, filed an Application for a Writ of Habeas
Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of her criminal conviction
and sentence in the United States District Court for the District of South Carolina
(District of South Carolina). On June 7, 2010, Magistrate Judge Boyd N. Boland
ordered Ms. Koenig to respond and show cause why the Application should not be
denied because she has an adequate and effective remedy pursuant to 28 U.S.C.
§ 2255 in the sentencing court. In response to Magistrate Judge Boland's June 7
Order, Ms. Koenig filed several pleadings, including a "Notice of Court Fraud" (Doc. No.
9), which asserts the same claims as, "Petitioner's Petition for Judgment Declaring
Petitioner Actually Innocent and Order for Immediate Release and Offer of Proof" (Doc.
No. 11), a "Response to Show Cause 2255 is Inadequate or Ineffective" (Doc. No. 10),
and an "Affidavit of Beryl J. Koenig" (Doc. No. 12).

The Court must construe all pleadings liberally because Ms. Koenig is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Ms. Koenig was convicted pursuant to a plea agreement on one count of wire fraud on August 25, 2008, in *United States v. Koenig*, No. 8:07-01107-HMH-1 (D.S.C. Dec. 3, 2008), and was sentenced to a two-year probation. Ms. Koenig did not appeal the conviction and sentence, but she did file a 28 U.S.C. § 2255 motion on March 18, 2010, that was summarily dismissed on April 12, 2010. The District of South Carolina found that the § 2255 motion was time-barred and that nothing in the record warranted the application of the doctrine of equitable tolling to relieve Ms. Koenig from the one-year statute of limitations otherwise applicable to the filing of a § 2255 motion. *Id.* at Entry No. 133.

Ms. Koenig filed a motion to reconsider the denial of the § 2255 motion. *Id.* at Entry No. 142. The District of South Carolina denied the motion to reconsider finding that Ms. Koenig simply reasserted the same claims in the motion and presented no new facts or evidence, which would alter the court's finding that the § 2255 motion is time barred and the principles of equitable tolling do not apply.

Ms. Koenig also filed a § 2241 application in the District of South Carolina raising the same claims that she raised in the § 2255 motion. *See Koenig v. United States Marshals, et al.*, No. 8:10-cv-00696-HMH (D.S.C. May 14, 2010). Adopting the report

2

and recommendation entered in the § 2241 application, the District of South Carolina dismissed the action without prejudice. *Id.* at Entry No. 20. The recommendation found that the District of South Carolina lacked jurisdiction over the claims Ms. Koenig raised in the application. *Id.* at Entry No. 17.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Magistrate Judge Boland ordered Ms. Koenig to respond and show cause why this action should not be dismissed because she has an adequate and effective remedy available to her pursuant to § 2255. The Court has reviewed all four of the pleadings that Ms. Koenig filed in response to the June 7 Order. For the most part, the pleadings are convoluted, repetitive, and do not address whether the remedy available to Ms. Koenig in the District of South Carolina is inadequate and ineffective. Ms. Koenig, however, does state in the Response to Show Cause that the June 7 Order directs her to show cause why the petition should not be dismissed for failure to exhaust administrative remedies pursuant to § 2255 and that a failure to exhaust the remedies does not divest this Court of jurisdiction to review this action. (Resp. (Doc. No. 10) at 1.) Ms. Koenig also argues that requiring her to first exhaust administrative remedies may cause undue prejudice. (*Id.*) She further contends that she already has served more time than any legal sentence that could have been imposed against her and that the remedy in the § 2255 motion was inadequate because there is some doubt that the District of South Carolina was empowered to grant relief. (*Id.* at 2.) Ms. Koenig also asserts that the remedy is inadequate because the District of South Carolina was biased against her. (*Id.* at 3.) Ms. Koenig concludes that this Court has discretion to excuse the failure to exhaust her other remedies and reach the merits of her petition. (*Id.*)

Whether or not Ms. Koenig exhausted all postconviction remedies in the sentencing court is not at issue here. Furthermore, Ms. Koenig's assertions that the District of South Carolina lacked proper jurisdiction in her criminal case and that the

sentencing judge is biased against her do not demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective. Ms. Koenig could move to recuse the sentencing judge. *See Bradshaw*, 86 F.3d at 167. Likewise, Ms. Koenig may seek relief in the sentencing court regarding proper jurisdiction.

As stated above, the remedy available under 28 U.S.C. § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho*, 177 F.3d at 1178. For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See id.* Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001); *see also United States v. Apodaca*, 90 F. App'x 300, 304 n.10 (10th Cir. 2004) (agreeing with *Reyes-Requena* that recourse to § 2241 "will be unavailing unless accompanied by a clear showing of actual innocence.")

The sentencing court's finding that Ms. Koenig is time-barred from raising her claims in a § 2255 motion, by itself, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. The fact that Ms. Koenig has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673.

5

To the extent in Document No. 11 that Ms. Koenig asserts she is actually innocent, a fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Ms. Koenig first must "support [her] allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id*. Ms. Koenig then must demonstrate "that it is more likely than not that no reasonable juror would have convicted [her] in light of the new evidence." *Id*. at 327.

Ms. Koenig fails to present any new reliable evidence to demonstrate her actual innocence. She does not claim that she is actually innocent of the act of wire fraud. Ms. Koenig only contends that the law under which she was convicted is "*void ab initio*" because Congress did not have a quorum when the House of Representatives voted on Public Law 80-722, the law under which she was convicted. (Pet. for Judgment (Doc. No. 11.) To the extent in the Affidavit Ms. Koenig presents a subjective, narrative review of the events that led to her being prosecuted and convicted, the assertions are self-serving and do not present new reliable evidence demonstrating her actual innocence. The Court, therefore, finds that Ms. Koenig fails to demonstrate the remedy available to her pursuant to § 2255 was inadequate or ineffective. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Ms. Koenig fails to assert that her remedy in the United States District Court for the District of South Carolina is ineffective and inadequate.

DATED at Denver, Colorado, this __9th__ day of __July__, 2010.

BY THE COURT:

_Christine M Arguello_

CHRISTINE M. ARGUELLO,
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01171-BNB

Beryl J. Koenig
1975 Massachusetts Street
Loveland, CO 80538

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/9/10

                                  GREGORY C. LANGHAM, CLERK

                                  By:_____
                                         Deputy Clerk